IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JESSE JAMES HOWARD                                                                    PETITIONER
*ADC #156638*

v.                                              4:23-cv-00752-JM-JJV

ARKANSAS DIVISION OF CORRECTIONS[1]                                          RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I. INTRODUCTION

Jesse James Howard ("Petitioner"), an inmate of the Arkansas Division of Correction's East Arkansas Regional Unit, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 2.)  On January 21, 2014, in the Little River County Circuit Court, Mr. Howard pleaded guilty to terroristic threatening in the first degree, rape, and sexual indecency with a child. *State v. Howard*, 41CR-13-72, http://caseinfo.arcourts.gov.  He was sentenced to an aggregate

---

[1] The Clerk is directed to amend the docket to reflect the full and correct name of Respondent Dexter Payne, Director, Arkansas Division of Correction.

term of forty (40) years' imprisonment in the Arkansas Division of Correction. (*Id*.) In his Petition now before the Court, he claims actual innocence, stating "there is no evidence to establish guilt beyond a reasonable doubt." (Doc. No. 2 at 5.)

I have conducted a preliminary review of Mr. Howard's Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed as time-barred.

## II.   ANALYSIS

Mr. Howard's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Mr. Howard indicates he did not seek any other judicial review after pleading guilty, and I can find no record that he did.[2] (Doc. No. 2 at 2-3.) Therefore, under § 2244(d)(1)(A), the limitation period began to run thirty days after the judgment was entered. *See* Ark. R. App. Proc.-Crim. 2(a)(1) (notice of appeal must be filed within thirty days from date of entry of judgment). My review of state court records does not reveal any applications for post-conviction or other collateral review that would have tolled the time under § 2244(d)(2). Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Howard has not made either showing. Therefore, Mr. Howard's Petition, filed over eight years after the commencement of the one-year limitation period, is time-barred.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Howard is not entitled to relief, dismissal is appropriate.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the

---

[2] Pursuant to Arkansas Rule of Appellate Procedure 1(a), individuals who plead guilty lose the right to appeal the conviction. However, other avenues of postconviction relief were available to Petitioner, such as a petition under Arkansas Rule of Criminal Procedure 37. But Petitioner did not avail himself of those other avenues.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 7th day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE